**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:     NICOLE CANNON,     :     Chapter 13
                                             :
                 Debtor     :     Bky. No. 18-16601 ELF

# O R D E R

**AND NOW**, upon consideration of the Debtor's Counsel's Application for Allowance of Compensation ("the Application") (Doc. # 54), it is hereby **ORDERED** that the Application is **DENIED**.*

Date: **June 5, 2019**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

# * END NOTE

This chapter 13 case was filed on October 3, 2018 and the Debtor's chapter 13 plan was confirmed on January 29, 2019. The case was dismissed on May 7, 2019. On, May 29, 2019, twenty-two (22) days after the dismissal of the case, Debtor's counsel filed the Application.

The Application is being denied for two (2) reasons.

First, the case was dismissed without the retention of jurisdiction. Thus, the court lacks jurisdiction to consider this request for relief filed after dismissal of the case. In re Ragland, 2006 WL 1997416, at *5 (Bankr. E.D. Pa. May 25, 2006).

Second, even if I were to consider the Application on the merits, it must be denied.

Distribution of undistributed estate assets after a post-confirmation dismissal of a bankruptcy case is governed by 11 U.S.C. §349. Section 349(b)(3) provides, in effect, that undistributed assets revest in the entity that previously owned the asset "[u]nless the court, for cause, orders otherwise."

In a dismissed chapter 13 case, return of the estate funds to (typically) the debtor, rather than to an administrative claimant or creditors holding allowed claims is the norm because conversion of the case terminates the confirmed plan and minimizes the duties of the trustee, leaving §349 as the only source of authority for disposition of the funds. See In re Beaird, 578 B.R. 643 (Bankr. D. Kan. 2017); In re Williams, 526 B.R. 695 (Bankr. N.D. Ill. 2014); see also Harris v. Viegelahn, 135 S.Ct. 1829 (2015) (same principle applied in context of conversion with §348 serving as the operative Code provision); In re Michael, 699 F.3d 305 (3d Cir. 2012) (same as Harris).

Under §349(b)(3), the default disposition – i.e., return of the funds to the debtor – can be modified by the court "for cause," which is an undefined term. Some courts have suggested that "cause" under §349 refers to some type of debtor misconduct (e.g., bad faith, fraud or abuse of process). See In re Haddad, 572 B.R. 661 (E.D. Mich. 2017); In re Torres, 2000 WL 1515170 (Bankr. D. Idaho 2000).

Perhaps the "cause" requirement in chapter 13 cases can based on circumstances other than debtor misconduct. The "cause" exception in §349 "appears designed to give courts the flexibility to make the appropriate orders to protect rights acquired in reliance on the bankruptcy case." Czyzewski v. Jevic Holding Corp., 137 S. Ct. 973, 984 (2017) (citation and quotations omitted). Whatever the parameters of the term, a party invoking "cause" must demonstrate some kind of special circumstances in asking the court to override the statutory default. As one court has pointed out, "cause" requires that " debtor's counsel do something more than ask to be paid to make a showing of cause." In re Hooks, 577 B.R. 415, 419 (Bankr. M.D. Ala. 2017).

In a chapter 13 case dismissed pre-confirmation, the policies embedded in 11 U.S.C. §1326 (a)(2) provide statutory grounds for the court to find cause to override §349's statutory default. See In re Lewis, 346 B.R. 89, 111 (Bankr. E.D. Pa. 2006). But no such statutory analogue exists for cases dismissed after confirmation.

      Here, Debtor's counsel waited four (4) months after confirmation of the Debtor's chapter 13 plan and more than three (3) weeks after dismissal of the case before filing the application for compensation. No explanation for the delay has been provided. In short, Debtor's counsel has not articulated any special circumstances that constitute "cause" for the court to veer from the ordinary application of §349(b)(3).